# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:04 CR 13 |
|  | ) |  |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| AUBREY A. WALLER, | ) | <u>MEMORANDUM OPINION</u> |
|  | ) | <u>AND ORDER</u> |
| Defendant. | ) |  |

This matter comes before the Court upon Defendant, Aubrey Waller's *Motion to Vacate Under Rule 60(b)(4)*.  (ECF# 354).  Defendant's Motion is hereby, DENIED.

Mr. Waller was sentenced to 684 months of imprisonment after a jury found him guilty of carjacking, assaulting a federal agent, two counts of use of a firearm during a violent crime, and three counts of attempted murder of a federal officer.  (ECF # 250, 272).  Mr. Waller appealed his judgment alleging violations of the Confrontation Clause, and alleging double jeopardy, and errors in the Court's jury instructions and evidentiary rulings.  The Sixth Circuit Court of Appeals affirmed the judgment.  (ECF #303, 307).  Mr. Waller then appealed to the United States Supreme Court, which denied certiorari.  (ECF #311).

Mr. Waller later filed a Motion to Vacate under 28 U.S.C. § 2255, alleging a violation of his right to public trial, ineffective assistance of counsel and appellate counsel, violation of his rights under the Confrontation Clause, and error by the District Court in failing to grant his motion for acquittal.  (ECF #313, 317).  That motion was denied.  (ECF #330).  The Court of Appeals affirmed that denial.  (ECF # 338, 339).  Mr. Waller then filed the Motion to Vacate

under Rule 60(b)(4) that is at issue in this case.  Prior to resolution of this motion, he petitioned the Court of Appeals for a successive motion to vacate based on the United States Supreme Court holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which was denied.  (ECF # 355).

A Rule 60(b)(4) motion must be made within a reasonable time.  Fed.R.Civ.Pro. 60(c)(1).  The Petitioner in this case filed his motion for relief almost twelve years after the judgment was issued in his case, and almost seven years after the Court's original decision denying § 2255 relief.   In the interim he had the opportunity to raise this issues addressed in his motion in his direct appeals, in his first § 2255 motion, in his appeal of the denial of his first §2255 motion, and in his request to the Court of Appeals for a second or successive motion under § 2255.  The failure to raise this issue sooner is without excuse or explanation, and the time delay in filing the requested relief is not reasonable.  The motion is, therefore, time barred.

Even if it had been timely filed, the motion would also be denied on the merits.  There is absolutely no grounds in fact or law for Mr. Waller's challenge to the Court's jurisdiction.  The information presented by the Petitioner does not bring to light any information that was not or could not have been raised and considered by the Court in the prior proceedings.   All of the facts and legal principles underlying his claims and his conviction have been considered and addressed.   Therefore, Defendant's motion (ECF# 354) is DENIED.

   /s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

DATED:   February 14, 2017

2