IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AUBREY A. WALLER, ) | Case No. 1:04–CR–13 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **Memorandum Opinion and Order** |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Aubrey A. Waller's *Motion for Compassionate Release* pursuant to 18 U.S.C. § 3582. (ECF #395). The Court granted Defendant's motion to stay the matter pending the appeal of *United States v. McHenry*, Case No. 1:93–CR–84, 2024 U.S. Dist. LEXIS 57094 (N.D. Ohio Mar. 29, 2024). (ECF #398). The appeal of *McHenry* was resolved in *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025). Accordingly, Defendant's Motion is ready for review.

The Court recognizes it also previously granted Defendant's *Motion to Extend Stay on Ruling on Pro Se Motion for Compassionate Release*, (ECF #402), which further stayed the ruling pending the resolution of *Fernandez v. United States*, Case No. 24–556, 2025 U.S. LEXIS 2005 (U.S. May 27, 2025). However, upon consideration, an indefinite stay is not warranted. Defendant presumably cites *Fernandez* in an effort to preserve a slew of arguments more appropriate for a § 2255 than a motion for compassionate release. Namely, he argues that "Using

– 1 –

a Deadly Weapon to Assault, Resist, Oppose, Impede, Intimidate, or Interfere with a Federal Agent" cannot be charged as a lesser included offense to "Attempt to Kill a Federal Agent." (ECF #395, *Motion for Compassionate Release*, p.10 [PageID 2008]). In addition, he argues that an *Apprendi* violation occurred because the statutory maximum for his attempt to kill convictions was enhanced using an aggravating factor that was found by the judge and not the jury. (*Id*. at p.6 [PageID 2004]).

Under the law as it exists today, the Sixth Circuit has held that both of these claims are better suited to a § 2255 and, therefore, cannot be brought in a motion for compassionate release. *See United States v. West*, 70 F.4th 341, 346–47 (6th Cir. 2023) ("Because § 2255 provides a specific, comprehensive statutory scheme for post-conviction relief, any attempt to attack a prisoner's sentence or conviction must abide by its procedural strictures."). If the Supreme Court's eventual disposition of *Fernandez* permits Defendant to include these claims in the "extraordinary and compelling" analysis, he may refile his request.

Under the terms of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling" reasons. Prior to taking such action, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id*. Administrative rights are exhausted when the Warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B). The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a

Warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Waller properly exhausted his remedies as the record reflects that Defendant submitted his request on September 16, 2023, which the Warden denied on October 10, 2023. (ECF #395-1, *Compassionate Release Denial*, p.1 [PageID 2014]).

In order to justify compassionate release, a court, "after considering the factors set forth in 18 U.S.C. § 3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g); and (3) that the reduction is consistent with the U.S.S.G.'s policy statement in § 1B1.13. *See United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

Before the Court invalidated U.S.S.G. § 1B1.13(b)(6) in *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025), the provision allowed courts to consider an "unusually long sentence" when determining whether an "extraordinary and compelling" reason warranted release, the relevant portion provided that:

> "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

The Court invalidated § 1B1.13(b)(6) because it violated separation of powers by contradicting a prior District Court holding and ignoring the statutory minimum sentences set by Congress. Ultimately, post-*Bricker*, a nonretroactive change in the law no longer qualifies as an "extraordinary and compelling" reason warranting release.

Accordingly, Defendant cannot argue for compassionate release by relying on changes in law created by the First Step Act of 2018. He notes that the Act eliminated the "stacking" of 924(c) mandatory minimum sentences and that, if sentenced today, his sentence would be substantially shorter. (ECF #395, *Motion for Compassionate Release*, p.5–6 [PageID 2003–04]). The Act, however, expressly bars retroactive application. Section 403(b) states that the amendment to § 924(c) "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment. *See* First Step Act, § 403(b). Courts have clarified that "[d]efendants sentenced after December 21, 2018, may benefit from Congress's amendment to § 924(c), but defendants sentenced before that date cannot." *United States v. Richardson*, 948 F.3d 733, 748 (6th Cir. 2020). Therefore, Defendant cannot claim that changes created by the First Step Act create a sufficient reason justifying compassionate release.

With that in mind, the Court admires the positive steps Mr. Waller has taken while incarcerated, particularly with respect to his book, "Reflections of Truth," which aims to prevent inner-city youth from participating in and perpetuating a culture that promotes criminality. However, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' for compassionate release." *United States v. West*, 70 F.4th 341, 348 (6th Cir. 2023) (citing 28 U.S.C. § 994(t)).

Defendant cannot prove an "extraordinary and compelling" reason warrants his release and, even if he could, he would not overcome the remaining § 3553(a) factors, which include but are not limited to, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all the other considerations that went into the original sentencing decision.

In 2004, a jury convicted Waller of carjacking, carrying and using a firearm during and in relation to carjacking, attempted murder of a federal officer, and carrying and using a firearm in relation to attempted murder of a federal officer, in violation of 18 U.S.C. §§ 2119 and 2, 924(c)(1)(A) and 2, and 1114 and 2. He was sentenced to an aggregate term of 684 months of imprisonment. His convictions and sentence were affirmed on appeal, and the Supreme Court denied certiorari. *See United States v. Ervin*, 209 F. App'x 519 (6th Cir. 2006), *cert. denied*, *Waller v. United States*, 552 U.S. 907 (2007).

The nature of the crime indicates a callous disregard for the safety of law enforcement and the community. Waller engaged in what the Government characterized as a "joint venture" with Gary D. Ervin to kidnap an individual known as Lester and hold him for ransom. The crime began on December 22, 2003, when Waller used a firearm to threaten and pistol-whip Lester while abducting him in his own vehicle. Lester, unbeknownst to Waller, contacted the FBI. The next day, when the FBI arrived at the arranged meeting where Lester was to be traded, Waller's vehicle fled, almost striking an FBI agent. The vehicle subsequently crashed, and Waller fired at three FBI agents who approached the vehicle that he occupied. Given his conduct, Waller's original sentence adequately reflects the severity of the crime, and any reduction would unjustly

minimize the harm inflicted on the victims. Further, his original sentence is necessary to protect the community.

For the reasons set forth above, having considered the full record, Defendant's arguments, and every factor in 18 U.S.C. § 3553(a), the Court finds, in its discretion, that Defendant's *Motion for Compassionate Release*, (ECF #395), should be DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 28, 2025